UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES BROWN, | ) | CASE NO. 4:06 CV 1068 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF OHIO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On May 1, 2006, plaintiff pro se James Brown filed this in forma pauperis mandamus action against the State of Ohio, Ohio Department of Job/Family Services, Child Support Enforcement Agency, and Trudy A. Seymour. The complaint appears to complain about numerous alleged failures of the Mahoning County Juvenile Court to rule on motions Mr. Brown has filed in that court. He also challenges the jurisdiction of the Ohio court and the authority of the State of Ohio. For the reasons stated below, this action is dismissed.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, this court may not issue a writ of mandamus to direct state courts or their judicial officers in the performance of their duties.  Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970).

Further, the common law writ of mandamus, codified at 28 U.S.C. § 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The extraordinary remedy of mandamus will only issue when a petitioner shows that right to the issuance of the writ is clear and undisputable.  In Re Bendectin Prod. Liab. Litig., 749 F.2d 300, 303 (6th Cir. 1984).  The Supreme Court has determined that a mandamus action under 28 U.S.C. § 1361 provides a remedy for a plaintiff only if all other avenues of relief have been exhausted and only if the defendant owes a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984); see also, Michigan

---

[1]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

<u>Ass'n of Homes and Services for the Aging, Inc. v. Shalala</u>, 127 F.3d 496, 503 (6th Cir. 1997).

Even liberally construed, the complaint does not set forth allegations which might justify issuance of a writ of mandamus in the instant case. Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                         S/John R. Adams 7/20/06
                                         JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE